UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC LEWAN,

       Plaintiff,                                  Case No. 14-10953
                                                      Honorable Thomas L. Ludington

v.

SOO MARINE SUPPLY, INC.,
and MCM PROPERTIES, LLP,

       Defendants.
_____/

**ORDER DISMISSING SHOW CAUSE ORDER**

Eric Lewan filed a complaint against Soo Marine Supply, Inc. (Soo) and MCM Properties, LLP (MCM) alleging that he was injured as a result of the companies' tortious acts and negligence. Lewan filed his complaint in the Southern Division of the Eastern District of Michigan, and it was assigned to District Judge Bernard A. Friedman. Then Soo and MCM filed an unopposed motion to transfer the case to this Court under 28 U.S.C. § 1404(a). Judge Friedman granted the motion and directed the case here.

But § 1404 only applies to cases where venue was originally proper. Because the Court questioned whether venue in the Eastern District of Michigan was proper under 28 U.S.C. § 1391 (the statute generally applicable to venue in federal court), the parties were ordered to show cause why the case should not be transferred to the Western District of Michigan—where the parties reside and where the claims arose.

On June 30, 2014, Soo and MCM filed a response to the Court's order to show cause, indicating that § 1391 does not apply here at all: "Defendants respectfully submit that pursuant to Fed. R. Civ. P. 82, the venue provisions of 28 U.S.C. §1391 do not apply to the instant case . . .

." Defs.' Resp. 2, ECF No. 16. Defendants are correct; § 1391 does not apply to this case, venue was originally proper in this District pursuant to admiralty jurisdiction, and the Court's show cause order will be dismissed.

Title 28 of the United States Code, § 1333, establishes that district courts "have original jurisdiction" over "[a]ny civil case of admiralty or maritime jurisdiction . . . ." 28 U.S.C. § 1333(1). Federal Rule of Civil Procedure 9 governs the designation of admiralty and maritime claims. If a claim is "cognizable only in the admiralty or maritime jurisdiction," then that claim "is an admiralty or maritime claim for those purposes, whether or not so designated." Fed. R. Civ. P. 9(h)(1). If, on the other hand, a claim is cognizable under admiralty or maritime jurisdiction but also comes "within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim . . . ." *Id.* Where an action is so designated, just as Defendants contend, § 1391 does not apply. *See* Fed. R. Civ. P. 82 ("An admiralty or maritime claim under Rule 9(h) is not a civil action for purposes of 28 U.S.C. §§ 1391–1392.").

In his complaint, Lewan was clear that he was asserting claims pursuant to admiralty law: "Plaintiff Eric Lewan brings and maintains this action pursuant to 28 USC §1333." Pl.'s Compl. ¶ 1, ECF No. 1. The Sixth Circuit has noted that "[i]nvocation of admiralty jurisdiction in cases involving maritime torts requires that the tort take place on navigable waters and that the tort arise in the course of traditional maritime activities." *Petersen v. Chesapeake & Ohio Ry. Co.*, 784 F.2d 732, 736 (6th Cir. 1986) (collecting cases). Lewan's claims satisfy these requirements. He was injured on navigable waters (or at least on a dock located on navigable waters) during the course of what can only be a traditional maritime activity—readying mooring cables to allow a

ship to make way. Accordingly, he properly invoked admiralty jurisdiction and § 1391 does not set venue here.

Instead, venue is proper under admiralty law for claims against a corporation "in any United States District Court which can obtain personal jurisdiction over that corporation." *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 31 n.5 (3d Cir. 1993) (citation omitted). And as the Defendants emphasize, this Court has personal jurisdiction over any defendant that "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1)(A). A court of general jurisdiction in Michigan has personal jurisdiction over an entity that "purposefully avail[s]" itself of the privilege of doing business in the state of Michigan. *Perry Drug Stores v. CSK Auto Corp.*, 93 F. App'x 677, 680 (6th Cir. 2003) (citation omitted). Here, both Soo and MCM do business in Michigan, and thus there was sufficient contacts for the Southern Division for the Eastern District of Michigan to assert personal jurisdiction over those Defendants. It follows that venue was proper where this case was originally filed pursuant to general admiralty principles.

Because venue was proper where this case was originally filed, it was subject to § 1404, which allows a court to transfer venue "to any district or division to which all parties have consented." § 1404(a). As all parties have obviously consented to transfer the case here, venue is proper.

Accordingly, it is **ORDERED** that the Court's June 24, 2014 Order to Show Cause is **DISMISSED**.

Dated: July 8, 2014                               s/Thomas L. Ludington
                                                                                          THOMAS L. LUDINGTON
                                                                                          United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS